**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY BENNY SUDIARTATE, | No. 11-70187 |
| Petitioner, | Agency No. A096-499-646 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Tommy Benny Sudiartate, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that, even if Sudiartate's application for asylum had been timely filed, he failed to establish that he suffered past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) ("being accosted by a threatening mob" while driving was discriminatory mistreatment but did not constitute past persecution). Substantial evidence further supports the BIA's finding that even under a disfavored group analysis, Sudiartate failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009) (determining that Christian Indonesian who had been beaten and threatened failed to establish sufficient evidence of individualized risk of future harm). Because the BIA analyzed Sudiartate's claim under a disfavored group analysis, we reject his request to remand in light of *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Therefore, Sudiartate's asylum claim fails.

Because Sudiartate has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Sudiartate failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**